## HARTSON G. BARNUM v. LIONEL PHENIX, NAPOLEON PHENIX AND OTHERS.

*Mortgage—Negotiable paper—If obtained for a valuable consideration, before maturity and in good faith, mortgage security is protected equally with the note—Execution levy—When deemed abandoned.*

It has always been the law in Michigan that a person obtaining negotiable paper for a valuable consideration, and before maturity, is protected in its acquisition, unless obtained in bad faith; and, if secured by a mortgage, the mortgage is protected equally with the note.

Appeal from St. Clair. (Stevens, J.) Argued February 17 and 18, 1886. Decided April 8, 1886.

Bill to foreclose a mortgage. Complainant appeals. Decree modified. The facts are stated in the opinion.

*Stevenson & Phillips*, for complainant.

*Chadwick & Wood* and *Geo. P. Voorheis*, for defendants.

CAMPBELL, C. J. Complainant filed his bill to foreclose a mortgage made by the defendants Phenix to George P. Voorheis, for $4,500, September 29, 1883, to secure a note payable to his order in four years, with interest semi-annually. All the other defendants are brought in as subsequently interested, and no one contests the mortgage but Osborne, and the corporation of which he is head. It is claimed, and the court found, that except as to $500 the mortgage should be postponed to an execution title held by them under a levy made after the mortgage was recorded, but (as it was held) before complainant obtained any complete equities.

By some mutual arrangement the parties have brought up in the same appeal certain proceedings had to determine their rights to the surplus money arising from the foreclosure of an earlier mortgage upon part of the same premises covered by complainant's mortgage. That surplus was less than $500, and was directed by the court below to apply on complainant's mortgage. Osborne & Co. appeal in right of their purchase of a judgment and levy in favor of P. P. Mast & Co., which was earlier than complainant's mortgage, but which never passed to sale, and is claimed to have been discharged. That such a discharge was made there is no doubt, but it is claimed to have been never delivered, and rescinded for adequate reasons.

The mortgage held by complainant was made at its date to be negotiated, and, pending the negotiation, $500 was obtained upon it from Voorheis, concerning the amount and validity of which advance, there is, in our view, no question ; and its record indicated to all persons levying that it was apparently, at least, valid for its full face amount, and there is nothing to show that on the execution sale bidders did not act on that assumption.

In January, 1884, this mortgage was assigned to Elliott G. Stevenson, with covenant that it was good for its face. Stevenson understood, apparently, how much had been ad-

vanced upon it, and took it to negotiate, in order to provide
for liabilities, which appear to have been legal and valid.
Stevenson raised from complainant $3,500 in cash upon it,
and we are satisfied that complainant had no notice of any
equities in derogation of it.   A part of this money was used
in taking up paper of the Phenixes held by a bank of which
complainant was an officer, and the loan, which was his per-
sonal advance, was made with that understanding.   But we
find nothing in the record to destroy the force of his positive
testimony that his money was advanced in good faith, and it
has always been the law of this State that a person obtain-
ing negotiable paper for a valuable consideration, and before
maturity, is protected in its acquisition, unless obtained in
bad faith, and the mortgage security in such a case is pro-
tected equally with the note.   So far as the note is concerned,
it was valid, beyond question, against the makers, for its face,
and the court below so held.

We can see no reason why the complainant should not be
entitled to foreclose this mortgage for the full amount of his
advances, as against the execution sale of defendants.   He
admits a payment of $1,000, and should have a decree enforc-
ing it to the amount of $2,500, with interest from February
6, 1884.

As to the Mast levy, it appears that after it was made
some new security was taken by the attorney for plaintiff,
which was accepted as a discharge of the claim.   The exe-
cution was never returned, and cannot be found.   The levy
was treated as discharged and the judgment paid, and was
so marked on the abstract of title before complainant's
mortgage was made, and Mr. Stevenson was given to so un-
derstand when the mortgage was assigned to him.   Osborne
& Co., when they bought the Mast judgment, which was
secured beyond this levy, gave only a small consideration for
it, and no steps were ever taken to have the satisfaction
rescinded or the levy restored.   Under these circumstances,
we think the purchasers of the judgment were not in condi-
tion to set up this levy as a prior right of redemption, and
that the order giving priority to complainant was correct.

We have not found it necessary to consider the very informal way in which these proceedings to obtain surplus moneys have been brought before us, or the jurisdictional difficulties which might arise if we held a different view of the merits. This order will be affirmed.

The decree in the main case will be modified by giving complainant's mortgage preference to the extent of $2,500, with interest from February 6, 1884, less the surplus money received by him under the order of distribution, and he will recover costs of the appeal as well as of the court below.

We have not thought it desirable to discuss the testimony at large, or to comment on it.

The other Justices concurred.