Marshall, C. J.
 

 This case involves an interpretation of Section 8705 of the General Code (109 Ohio Laws, 231), which became effective August 14, 1921:
 

 “A
 
 corporation may borrow money in any sum not exceeding the amount of its capital stock, issue its notes or coupon or registered bonds therefor, at such rate of interest as may be provided in such issue, and secure their payment by a mortgage of its property, real or personal, or both; provided, however, that a corporation formed to buy and sell real estate may borrow money, issue its notes or bonds secured by mortgage of its real estate in an amount not to exceed 65 per cent, of the market value thereof without regard to the amount of its capital stock.
 

 “The limitations of Section 8303 of the General Code shall not apply to any such borrowing maturing and payable one year or more after the date thereof, and no corporation, wherever organized, nor anyone in its behalf, shall interpose the defense or make the claim of usury in any suit or proceeding upon or with reference to any such corporate borrowing.”
 

 The second paragraph of that section has more
 
 *646
 
 recently been amended, but on April 6, 1922, that section stood as above quoted.
 

 In all of the other courts, as in this court, counsel for plaintiff in error have conceded the constitutional validity of Section 8705, General Code, but contend: First, that the $42,000 note of August 9, 1921, was executed prior to the effective date of Section 8705, as amended 109 Ohio Laws, 231, and that the $2,000 included in that note over and above the amount loaned is, in any event, usurious ; and, second, that the second paragraph of the act, when properly construed, only permits the charge of interest without limit, but does not validate the full face value of a note or bond, which includes in the principal sum stated in such note or bond an amount in excess of the sum actually loaned. It is insisted that the exemptions of the second paragraph of the section refer only to that character of transactions described in the first paragraph, and that the language of the first paragraph should be strictly and literally construed, and that, while the Legislature has placed no limitations upon the rate of interest to be charged, the same result may not legally be attained by expressing a lower rate of interest in the note or bond while at the same time collecting a larger interest charge by naming a fictitious principal sum of the note or bond in excess of the amount actually loaned. In support of this theory counsel cite the following authorities :
 
 Bunn
 
 v.
 
 Kinney & Lodwick,
 
 15 Ohio St., 40;
 
 Samyn
 
 v.
 
 Phillips,
 
 15 Ohio St., 218;
 
 McClelland
 
 v.
 
 Sorter,
 
 39 Ohio St., 12;
 
 Beals
 
 v.
 
 Lewis,
 
 43 Ohio St., 220, 1 N. E., 641;
 
 Bank of Cadiz
 
 v.
 
 Slemmons,
 
 34 Ohio St.,
 
 *647
 
 142, 32 Am. Rep., 364;
 
 Taylor
 
 v.
 
 Morris,
 
 22 N. J. Eq., 606;
 
 Matthias
 
 v.
 
 Cook,
 
 31 Ill., 83.
 

 In each and- all of those cases the legal rate of interest was stated in the contract, but an illegal charge of interest was sought to be collected by including a fictitious principal sum in the contract, which sum, when added to the interest rate, made a charge for the loan in excess of the legal rate of interest. It was held in each and all of those cases that the law could not be evaded by such a patent subterfuge. In no case cited by counsel has any court declared that, where there was no limitation upon the rate of interest which could legally be charged, it would be unlawful to contract for the repayment of the principal sum in excess of the amount loaned.. While agreeing perfectly with the results reached by the courts in those cases, based upon the facts before the courts, and the law then applicable to those facts, we are of the opinion that they throw no light whatever upon the controversy in the instant case.
 

 It is conceded by counsel for plaintiff in error, and we concur in the view, that this statute permits corporations to contract for any rate of interest without limit. To say that this is only true where the larger rate of interest is accurately expressed in the note, but that it would not be permitted where the greater interest charge is included in the principal sum expressed in the note, is to place a strict and literal interpretation upon the statute. In the discussion of this subject we must keep in mind that at common law parties were entitled to make any contract for interest charges, without
 
 *648
 
 limit, and that all usury statutes are in derogation of the common law and a restriction upon the freedom of contract. Usury statutes must therefore be strictly construed. It follows that any statute which modifies or repeals usury statutes is restorative of the common law, and, by the same token, should be liberally construed. Neither the borrower nor the lender is deceived by including a portion of the interest charge in the principal sum, and no reason is found either in principle or authority for the interpretation argued by the assignee. A liberal interpretation of Section 8705 compels the conclusion that inasmuch as the same result is reached whether the additional charge for the use of the money is attained by stating a fictitious sum in the face value of the note, or by setting forth the true face value, with the higher rate of interest expressed, the transaction is not usurious.
 

 It is not necessary to enter into a discussion of the nature of usurious contracts. It is sufficient to say that they do not render the contract void, but that they merely relate to the remedy, and only the excess over the legal interest rate is voidable.
 

 It only remains to be considered whether or not this transaction is affected by the fact that the note in the sum of $50,000 was a renewal of an earlier note dated August 9, 1921, in the sum of $42,000, in which earlier note the fictitious sum of $2,000 was added to the principal sum of the note. A further complication arises out of the fact that the earlier note matured and became payable 6 months after the date thereof, while the exemptions of the second paragraph of Section 8705 apply only to notes maturing and payable 1 year
 
 *649
 
 or more after the date thereof. Counsel for the assignee have therefore questioned the right of the (mortgage company to recover the fictitious sum of $2,000 added to the note which was executed before the amendment to Section 8705 became effective, and which was renewed after that date. We are not called upon to decide this question, because it was conceded by counsel during the course of the oral argument that the proceeds of the real estate sold by the assignee are not sufficient to pay all liens in full and there would not be enough to pay any part of the $2,000 in controversy on this feature of the case even if the claim should be found by this court to be valid. That feature of the case having become moot, we express no opinion upon it. The judgment of the lower courts must therefore be affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Jones and Matthias, JJ., concur.