STRAUS *v.* ELLESS CO.

1. INTEREST—INTEREST STATUTES IN DEROGATION OF COMMON LAW STRICTLY CONSTRUED.

Interest statutes are in derogation of the common law and must be strictly construed.

2. USURY—USURY STATUTES LIBERALLY CONSTRUED.

A statute which modifies or repeals usury statutes is restorative of the common law, and should be liberally construed.

On constitutionality of statutory discrimination as to interest rates, see annotation in 2 L. R. A. (N. S.) 813; 27 L. R. A. (N. S.) 898.

3. Constitutional Law—Statutes—Usury—Delegation of Legis-
lative Authority.

Act No. 335, Pub. Acts 1921, amending 2 Comp. Laws 1915,
§ 5997, and providing that the legal rate of interest fixed in
said act shall not apply to interest-bearing securities regularly
approved by the public utilities commission, which in effect pro-
vides that there is no usury statute relating to such securities,
is not unconstitutional in that it delegates to the commission
legislative authority to fix a rate of interest, since the com-
mission by its action merely approves or disapproves the rate
contracted by the parties, which is executive, and not legis-
lative.

4. Same—Class Legislation.

Nor is said statute unconstitutional as class legislation; the
classification being sufficient if it is practical and reasonable,
and is not reviewable unless it is palpably arbitrary and un-
reasonable.

5. Same—Wisdom of Legislation Not for Courts.

The wisdom of legislation in reference to usury laws is not for
the courts.

6. Same—That Statute May be Thwarted Does Not Render it
Unconstitutional.

That said statute, in providing that the usury provisions shall
not apply to interest-bearing securities approved by the public
utilities commission, may, in some instances, be thwarted, and
that it will not operate with perfect equality, does not establish
that it is unconstitutional.

7. Judgment—Summary Judgment.

In an action for instalments of interest due on bonds secured
by mortgage, which had been approved by the public utilities
commission, plaintiffs were entitled, on their motion under
3 Comp. Laws 1915, § 12581, to summary judgment, where
the only defense indicated in the affidavit of merits filed by
defendants under Circuit Court Rule No. 34, as amended, was
usury; said defense not being available under 2 Comp. Laws
1915, § 5997, as amended by Act No. 335, Pub. Acts 1921.

Error to Wayne; Merriam (De Witt H.), J. Sub-
mitted October 18, 1928. (Docket No. 92, Calendar
No. 33,947.) Decided January 7, 1929. Rehearing
denied March 29, 1929.

Assumpsit by Arthur W. Straus and another, trustees, against the Elless Company for instalments due on a trust mortgage. Summary judgment for plaintiffs. Defendant brings error. Affirmed.

*J. Shurly Kennary (Seth Q. Pulver,* of counsel), for appellant.

*Butzel, Levin & Winston,* for appellees.

*George E. Brand, amicus curiæ.*

Clark, J. Plaintiffs, trustees under a trust mortgage in the sum of $1,250,000 made by defendant, a Michigan corporation, brought this suit for the benefit of the bondholders to recover instalments due from the defendant in accordance with express covenants of the mortgage. Plaintiffs made a motion for summary judgment. Defendant filed an affidavit of merits. The motion was granted and judgment entered. Defendant brings error.

Section 12581, 3 Comp. Laws 1915, provides of motion for summary judgment. Circuit Court Rule No. 34, as amended (233 Mich. xxxiii), sets forth essentials of an affidavit of merits to be filed by defendant. And see *Warren Webster & Co.* v. *Pelavin,* 241 Mich. 19; *Smith* v. *Applebaum,* 241 Mich. 493; *Slebodnick* v. *La Buda,* 238 Mich. 550. The motion and the affidavits set forth fully the claimed facts. This was a construction loan having usual provision for discount, or commission, and for payment of tax and other charges by the borrower. The only defense indicated is usury. The trial court's conclusion was that there was no issue for trial for the reason that, as a matter of law, plaintiffs' demands under the mortgage were not open to the defense sought to be made. If the court was right he was also right in pronouncing judgment.

Act No. 335, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5997), amended section 1 of Act No. 156, Pub. Acts 1891 (2 Comp. Laws 1915, § 5997), to read as follows:

"SECTION 1. The people of the State of Michigan enact, That the interest of money shall be at the rate of five dollars upon one hundred dollars for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding seven *per centum* per annum: *Provided,* That this act shall not apply to the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association, or person, the issue and rate of interest of which have been expressly authorized by the Michigan public utilities commission or the Michigan securities commission."

The amendment is the proviso.

Seeking approval of the Michigan securities commission of the sale of its bonds in the State, defendant filed with the commission a full statement and showing as required by law (3 Comp. Laws 1915, chap. 230) as amended, Act No. 404, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11945). Thus, as the law contemplates, the commission was fully informed of the mortgage, the bonds to be issued, and the rate of interest thereon, the preliminary contract between the borrower and the lender showing the full amount to be realized by the borrower on the mortgage and issue of bonds, and showing the total of all sums to be retained by the lender, in short, was fully informed as required by law. The commission approved the sale of the bonds giving certificate of permission to sell within the State $1,250,000 of "its

first mortgage 7% serial bonds." Plaintiffs' position is that because of the statute above quoted the indebtedness evidenced by the bonds and secured by the mortgage is not open to attack on the ground of usury, nor open to the defense here sought to be made.

Defendant contends that the statute is unconstitutional on two grounds:

*First,* that it attempts delegation to the commission of legislative authority, authority to fix a rate of interest.

Of the right to interest we quote from 15 R. C. L. p. 9:

"While both in England and in this country the legal right to take interest may be said to exist in legal contemplation as the creation of statutory enactment, yet as a general rule the statutes on the subject have been of a negative character, prohibiting the taking of an amount beyond the rate allowed, not declaring what character of demands shall draw interest, or requiring it to be paid, but leaving the question of what shall and what shall not draw interest to the contracting parties; or in other words, making the question whether interest is recoverable or not dependent upon agreement, and not law, the latter only limiting the amount of the recovery."

Interest statutes are in derogation of the common law and must be strictly construed. 33 C. J. p. 187. A statute "which modifies or repeals usury statutes is restorative of the common law, and by the same token, should be liberally construed." *Alston* v. *Mortgage Co.,* 116 Ohio St. 643 (157 N. E. 374).

The effect of the quoted amendment is that there is no usury statute relating to those interest bearing securities regularly approved under the act by the commission except that the rate of interest thereon is left to agreement of the parties subject

to approval or authorization of the commission. From a reading of the amendment of the usury statute, above quoted, and the statute above cited providing of approval or rejection of securities by the commission, it is at once apparent that respecting the rate of interest on such securities the commission does no more than to approve or to disapprove the rate contracted by the parties. This is not legislative; it is executive. See *Merrick* v. *Halsey & Co.,* 242 U. S. 568 (37 Sup. Ct. 227), sustaining the constitutionality of the Michigan blue sky law, above cited, as against the contention that it delegated legislative authority.

*Second,* that the statute is class legislation.

In 15 R. C. L. p. 19, it is said:

"Legislatures are considered to have very broad powers in regard to this subject, and their enactments as to rates of interest will not be held invalid as class legislation if it is possible to avoid such a holding."

The classification is sufficient if it is practical and reasonable. It is not reviewable unless it is palpably arbitrary and unreasonable. A lack of abstract symmetry does not matter. 2 Cooley's Constitutional Limitations (8th Ed.), 813. The question is primarily for the legislature. See *Fountain Park Co.* v. *Hensler,* — Ind. — (155 N. E. 465, 50 A. L. R. 1518), for full discussion of the question. For review of cases on statutory discrimination in interest rates, see 2 L. R. A. (N. S.) 813, note; 27 L. R. A. (N. S.) 898, note, and 26 L. R. A. (N. S.) 1135, note.

The purpose of the blue sky law is to protect the investing public from fraud. The interest statute in question relates to those interest-bearing securities which for issue or sale under the act require

approval of the commission. The securities are generally of the class treated by investors as commercial paper and as securities for permanent investment. It is not unreasonable that the legislature denied, by statutory rule, the defense of usury to borrowers who, having the State's permission so to do, placed such securities in the hands of the investing public. We cannot hold that the statute is capricious, arbitrary, or unreasonable. The stated characteristics which serve as a basis of the classification are such as to show—

"an inherent difference in situation and subject-matter of the subjects placed in different classes which peculiarly requires and necessitates different or exclusive legislation with respect to them." *Fountain Park Co.* v. *Hensler, supra.*

The classification embraces as near as may be all naturally belonging to the class.

It is urged that the statute in question may be evaded or used to defraud. Interest or usury statutes frequently have been evaded and used oppressively. Borrowers in many instances have been required to pay not only usurious rates of interest, but as well compensation to lenders for the risk of suffering penalty under the statute. The wisdom of such legislation has long been mooted. At one time in England all usury laws were swept out of existence. 15 R. C. L. p. 5. But they are now nearly if not quite universal. The wisdom of the legislation is not for the courts. That the law, in some instances, may be thwarted and that it will not operate with perfect equality, does not establish that it is unconstitutional. The statute is not unconstitutional. Plaintiffs' demands herein, therefore, are not open to the defense of usury.

It is unnecessary to discuss section 1, chap. 1, pt. 2, Act No. 335, Pub. Acts 1927, which provides that "no corporation shall interpose the defense of usury to any cause of action hereafter arising," it being contended by defendant that the statute is not applicable in point of time.

That defendant is not in fact and law the borrower, and that it will not therefore be permitted to raise the defense of usury, which is personal to the borrower, also need not be discussed.

That the bonds are negotiable instruments (*City of Adrian* v. *National Bank,* 180 Mich. 171 [Ann. Cas. 1916 A, 600]), that the bondholders are holders in due course (2 Comp. Laws 1915, § 5995), of the bonds with benefit of the mortgage (41 C. J. pp. 673, 674; *Barnum* v. *Phenix,* 60 Mich. 388), and that the bonds are goods in their hands (*Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511), and the indebtedness evidenced by the bonds therefore not open to the defense of usury, are questions not before the court.

We find no error.

Affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.