UNION TRUST CO. *v.* TONQUISH TEMPLE ASS'N.

1. USURY—BONDS SECURED BY MORTGAGE—DEFENSES.
   In proceedings by a trustee to foreclose a mortgage in behalf of the holders of the bonds secured thereby, the defense of usury is not open.

2. MORTGAGES—FORECLOSURE—FEES—DISCRETION OF COURT.
   The allowance by the court below to the trustee for services ordinary and extraordinary of the sum of $500, and for payment of counsel fees in foreclosure proceedings of the sum of $1,500, cannot be said to be so large as to justify interference with the exercise of the court's discretion in their allowance, in view of the amount involved, the time expended, and the defenses interposed.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted April 2, 1929. (Docket No. 25, Calendar No. 34,205.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Bill by Union Trust Company, as trust mortgagee, against the Tonquish Temple Association and others to foreclose a trust mortgage. From decree for plaintiff, defendants appeal. Affirmed.

*Campbell, Bulkley & Ledyard* (*Harold R. Smith,* of counsel), for plaintiff.

*Brooks & Colquitt,* for defendants.

*K. A. Newhouse,* for trustee in bankruptcy.

SHARPE, J.   Plaintiff seeks foreclosure of a mortgage executed to it as trustee by the defendant association to secure an issue of 6½ per cent. bonds, the proceeds of which were to be used in the construction of an Odd Fellow temple and a block of stores. Payment was guaranteed by the individual defendants.

The defense of usury is interposed.   The record discloses that the amount allowed plaintiff as banker for disposing of the bonds under an agreement therefor and the charges made by it as trustee under the terms of the mortgage, when added to the interest rate provided for, exceed the 7 per cent. permitted by law.

The record also discloses that the bonds secured by the mortgage were all sold to the public.   This suit is brought by the plaintiff as trustee on behalf of the present holders to enforce collection by foreclosure of the trust mortgage.   In *Straus* v. *Elless Co.,* 245 Mich. 558, 565, it was said:

"That the bonds are negotiable instruments (*City of Adrian* v. *National Bank,* 180 Mich. 171 [Ann. Cas. 1916A, 600]), that the bondholders are holders in due course (2 Comp. Laws 1915, § 5995), of the bonds with benefit of the mortgage (41 C. J. pp. 673, 674; *Barnum* v. *Phenix,* 60 Mich. 388), and that the bonds are goods in their hands (*Fletcher & Sons* v. *Alpena Circuit Judge,* 136 Mich. 511), and the indebtedness evidenced by the bonds therefore not open to the defense of usury, are questions not before the court."

These questions are here presented, and under the authorities stated it must be held that the defense of usury is not open to the defendants in this foreclosure proceeding.

Defendants object to the allowance by the trial court to the plaintiff "for its services as trustee, ordinary and extraordinary," the sum of $500, and for the "payment of its counsel fees in and about this foreclosure proceeding" the sum of $1,500. In view of the amount involved, the time expended, and the defenses interposed, we cannot say that these amounts are so large as to justify interference with the discretion exercised by the trial court in their allowance.

The decree is affirmed, with costs of this court to appellee.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.