## CITIZENS BUDGET CO v O'CONNELL

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11768. Decided May 25, 1931

Farquharson, Curtiss, Gillie, Gustafson & Miller, Cleveland, for Citizens Budget Co.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

BY THE COURT

The trial court upon examining the note ascertained from its terms that it provided for interest in excess of eight percent and was apparently usurious under §8303 GC. The court interpreted the language of §8306 GC as authorizing the court to refuse to enter judgment for usurious interest although usury was not pleaded and on its initiative refused to enter judgment for so much of the claim as included interest in excess of eight percent. The court was justified in its position by **Goode v Sutton, 29 Oh St 587.**

However, the plaintiff claimed that it was licensed to conduct a loan business under **§6346-1 et seq GC** and that as such licensee it was authorized by **§6346-5 GC** to charge interest in excess of the normal charges authorized by §8303 GC and had pleaded its license in its petition. The trial court held that its licensed character should appear in the note and for that reason refused to render judgment in excess of eight percent

interest. To its final order in this respect the plaintiff prosecutes error to this court.

It is doubtless true that the attorney appearing for the defendant can not make confession beyond the powers expressed in the instrument. He could not confess therefore, the licensed character of the plaintiff. He could and did confess the liability of the defendants as fixed by the terms of the note but recovery for the excess interest required proof on the part of the plaintiff of its power to receive the whole amount promised by the defendants. This the plaintiff proposed to prove. It was the duty of the trial court to accept this evidence. Technically the proof offered was not the best evidence for no license was exhibited. Moreover the parol evidence was that the plaintiff "is licensed." This sounds in the present tense and relates to the time of trial, to-wit, March 13, 1931. To meet the requirements of the statute, proof should have shown that the company was such licensee on April 12, 1930.

The principle for which the plaintiff contends is sound. It has a right outside the note to prove that it was licensed to make the contract for excess interest and when its licensed character at the time the note was delivered is proved it has a right to a judgment within the limits of §6346-5 GC. In this case it did not make such proof and because of such technical failure the judgment is affirmed.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, concur.