SCHURGIN v. BANKERS TRUST CO. OF DETROIT.

1. CONSTITUTIONAL LAW—EXTENSION OF MORTGAGE MORATORIUM ACT
   —LOCAL OR SPECIAL ACTS—HOMESTEADS.
   Provision of Constitution restricting legislature in the passage of
   local or special acts where a general act could be made ap-
   plicable *held*, not involved in a case involving decision as to
   constitutionality of amendatory act limiting extension of
   mortgage moratorium act to mortgages on homesteads only,
   as the act is not local or special in its nature (Const. 1908,
   art. 5, § 30; Act No. 98, § 14, Pub. Acts 1933, as added by
   Act No. 7, Pub. Acts 1938 [Ex. Sess.]).

2. SAME—PUBLIC POLICY—STATUTE CONFINING MORTGAGE MORATORIA
   TO HOMESTEADS.
   Statute continuing mortgage moratorium act but confining its
   application to homestead property is in harmony with and in
   conformity to the established policy of the State of protecting
   homesteads by exempting them from forced sales on final
   process (Const. 1908, art. 14; Act No. 98, § 14, Pub. Acts 1933,
   as added by Act No. 7, Pub. Acts 1938 [Ex. Sess.]).

3. SAME—CLASS LEGISLATION.
   Class legislation is unconstitutional only when shown to be un-
   reasonable, arbitrary and capricious.

4. SAME—CLASSIFICATION MUST BE REASONABLE.
   Classification provided in a statute is sufficient if it is practical
   and reasonable and is not reviewable unless it is palpably
   arbitrary and unreasonable.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted April 5, 1939. (Docket No. 16, Calendar
No. 40,380.) Decided June 5, 1939.

Bill by Ben Schurgin and wife against Bankers
Trust Company of Detroit, a Michigan corporation,
to secure moratorium relief. On motion by defend-

ant to vacate general order extending moratorium relief.    Motion granted.    Plaintiffs appeal.    Affirmed

*David E. Roberts,* for plaintiffs.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant.

BUSHNELL, J.    Plaintiffs, who are the owners of a 13 multiple apartment building, gave a mortgage to defendant in the sum of $45,000, which mortgage has been foreclosed.    In 1935 an order was entered in the United States district court, in bankruptcy, in the matter of Bankers Trust Company of Detroit, granting an extension of the redemption period of the mortgage foreclosure to March 1, 1937.    On February 26, 1937, plaintiffs filed a bill of complaint in the circuit court for the county of Wayne, seeking moratorium relief under the provisions of Act No. 98, Pub. Acts 1933, as amended by Act No. 1, Pub. Acts 1937.    On the same date, upon stipulation between the parties, a moratorium order was entered restraining defendant from securing a writ of restitution and permitting plaintiffs to retain possession and control of the premises until November 1, 1938, upon certain conditions recited in the order.    On October 19, 1938, a general order was entered in the circuit court for the county of Wayne extending all orders heretofore entered under the mortgage and land contract moratorium laws in all cases affecting homesteads.    On October 21st, defendant filed a motion in which it sought an order determining that the general order of October 19th did not apply to the premises involved because they were not the homestead of the plaintiffs.    After argument upon this issue the court entered an order on November 3d, in which it was stated that, since the premises did not

constitute the homestead of plaintiffs, the general order of October 19th did not apply and defendant was entitled to possession of the premises.

Plaintiffs' appeal raises the question of the constitutionality of Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.) (Stat. Ann. 1939 Cum. Supp. § 27.1333[1]). This section reads as follows:

"The extension of the moratorium provisions of this act from the first day of November, nineteen hundred thirty-eight, to the first day of July, nineteen hundred thirty-nine, shall apply only to any person or persons having any freehold interest in homesteads as herein defined. Such person or persons may have relief under this act as to one homestead only. The term 'homestead' as herein used shall mean the following:

"(1) Not to exceed one hundred sixty acres of adjacent or contiguous land outside of any city or village and the dwelling house thereon and the appurtenances, owned and occupied as a home or legally claimed as a homestead at any time from and after February fourteen, nineteen hundred thirty-three, by the owner of the fee or other freehold interest or of the vendee's interest under land contract, and used as one farm or garden; or

"(2) Any single dwelling house or two family house with a private garage and outbuildings located on not to exceed four lots in any city, village or recorded plat owned and occupied as a home or legally claimed as a homestead at any time from and after February fourteen, nineteen hundred thirty-three, by the owner of the fee or other freehold interest, or of the vendee's interest under land contract."

See article 14, § 2, Const. of 1908, for its definition of "homestead."

Plaintiffs argue that section 14 is not "a reasonable and justifiable limitation of the application of the emergency mortgage and land contract mora-

torium which is germane to the object of the enactment," as required by article 2, § 1, and article 5, § 30, of the Constitution of 1908, and that section 14 is severable from the remainder of the act. Article 5, § 30, of the Constitution is not involved because the act is not local or special in its nature.

Appellants cite *Haynes* v. *Lapeer Circuit Judge,* 201 Mich. 138 (L. R. A. 1918 D, 233), in support of the argument that the act imposes an unreasonable or arbitrary distinction among persons of the same class. The *Haynes Case* had to do with an order of the circuit court with respect to sterilization of mental defectives wholly or partly supported at public expense in public institutions. This classification was held to be unreasonable and arbitrary because the element of support had nothing to do with the purpose of the statute.

The Constitutions of 1850 (art. 16) and 1908 (art. 14) recognize the propriety of the exemption of homesteads from forced sales on execution or any other final process. These constitutional provisions show that it is the policy of this State to protect homesteads, and the purpose of Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.), is in harmony with and in conformity to this well-established policy. Although the constitutional and statutory definitions do vary, it is evident that the purpose of the legislature was to continue to protect the owner of the homestead under judicial supervision during the life of the act, which terminates on July 1, 1939.

"Class legislation is unconstitutional only when shown to be unreasonable, arbitrary and capricious." *Lundstrom* v. *Township of Ellsworth,* 196 Mich. 502, 508.

"The classification is sufficient if it is practical and reasonable. It is not reviewable unless it is

palpably arbitrary and unreasonable.'' *Straus* v. *Elless Co.*, 245 Mich. 558, 563.

The classification made by the legislature is in accord with the policy enunciated in the Constitution and property owners are not thereby divided into unreasonable or unnatural classes.

Section 14 of the act is· constitutional and the order of the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.