COLUMBUS POSTAL EMPLOYEES CREDIT UNION, INC.,
APPELLEE, *v.* MITCHELL ET AL., APPELLANTS.

(Decided January 18, 1940.)

*Mr. Guy V. Fridley* and *Mr. Edward W. Erfurt, Jr.,*
for appellee.

*Mr. John W. Wilson* and *Messrs. Williams, Williams, Klapp & Reynolds,* for appellants.

GEIGER, J.   This matter comes before us upon an application for rehearing, it being claimed that the plaintiff, appellee here, is a credit union organized under the special chapter of the General Code (Sections 9676 to 9692, inclusive), relating to credit unions; and that it is not organized as a chattel loan company under the provisions of Section 6346-1, General Code.

We formerly held (*Columbus Postal Employees Credit Union, Inc.,* v. *Mitchell,* 62 Ohio App., 343, 23 N. E. [2d], 989) that under the provision of Section 6346-5a, General Code, the contract was void, and that the payee of the note forfeited the right to collect or receive any principal under the facts disclosed in that case, in that the note called for interest in excess of that allowed by law.

It is not necessary for us to restate the matter.

We do not understand why the point now asserted was not raised more definitely on the original hearing, so that the court might have then considered what is now asserted to be the statute under which the plaintiff was organized. There was ample opportunity for this issue to have been raised definitely, so that there need not have been a mistake.

Section 6346-5, General Code, provides for the maximum charge allowed under the provisions of the chattel loan chapter, and Section 6346-5a, General Code, provides that if interest be charged in excess of that permitted by the act, the contract and all papers in connection therewith shall be void. The court at the time of the original decision held that this section was applicable to the facts disclosed by the pleadings and the evidence.

Section 9676 *et seq.,* General Code, provide for the organization and operation of credit unions. Section 9682, paragraph 2, General Code, provides that such union has authority "to make loans to members for provident and productive purposes, as determined by the credit committee of the credit union."

Section 9683, paragraph 3, General Code, provides that the interest shall not exceed one per cent per month on unpaid balances.

Section 9685, General Code, provides for membership requirements. There appears to be no penalty statute in reference to credit unions analogous to Section 6346-5a, General Code.

The interest on the note in question was at the rate of one per cent per month, which does not exceed the rate permitted to be charged by credit unions.

The petition simply asserts that plaintiff is a corporation incorporated under the laws of the state of Ohio, making no other reference to any of the qualifications that would bring it within the provision of the credit union's chapter. The caption is no part of the pleading.

The answer alleges under the 4th defense that the plaintiff has been licensed by the Department of Commerce to loan money at a rate in excess of eight per cent per annum, subject to the provision that no licensee, upon any amount in excess of $300, shall receive any consideration greater than eight per cent per annum and that if interest in excess thereof be charged the contract shall be void and the licensee shall have no right to collect any interest or charges.

To this a reply was filed in which the plaintiff denies all allegations not admitted, and specially denies that it is subject to the limitation as to charging more than eight per cent per annum set out in the 4th defense of the defendants' answer. It would there have been proper to plead that the plaintiff was organized under the provisions of the credit union's chapter, but the pleader remained silent upon this point, apparently content to make the general and specific denial. On the trial of the action one Boyd Mills, the treasurer of the plaintiff, was examined as a witness. Counsel did not then seek to establish the claim now asserted that the plaintiff was organized under the credit union's chapter. Although counsel assert that there was evidence in the pleadings and in the testimony and briefs that the plaintiff was a credit union and entitled to charge one per cent interest per month, we fail to find any such allegation in the pleadings or any testimony supporting this contention. The name is not evidence sufficient to establish the character of the corporation. Of

course, counsel's claim that it was shown by the *briefs* is of no weight. We therefore conclude that there has been a failure upon the part of the plaintiff to present such facts as would tend to establish the organization of the corporation as now claimed by it.

On the other hand, the defendants in their 4th defense, allege facts which, if true, would bring the plaintiff within the provisions of the chattel loan chapter. When we search the record we find no evidence that establishes this. The reply does not admit these facts, but specially denies them.

In the case of *Citizens Budget Co.* v. *O'Connell,* 40 Ohio App., 160, 177 N. E., 840, it is held:

"(2) A company licensed under Section 6346-1 *et seq.,* General Code, may collect interest as therein provided, but to recover such interest it must *prove its licensed character * * *.*" (Italics ours.)

The court in that case on page 162 states that the plaintiff "has a right outside the note to prove that it was licensed to make the contract for excess interest, and when its licensed character at the time the note was delivered is proved it has a right to a judgment within the limits of Section 6346-5, General Code. In this case it did not make such proof, and because of such technical failure the judgment is affirmed." We conclude that under this decision the burden is upon the plaintiff to prove that it was organized under the credit union chapter in order to be authorized to charge interest at the rate of one per cent per month, and we find that it neither alleged nor proved this fact.

The same rule would apply to the defendants in order to bring the plaintiff under the provision of the chattel loan chapter, and to subject it to the penalties provided by Section 6346-5a, General Code. We are of the opinion that the defendants have failed in their proof as to this affirmative defense.

The result is that neither plaintiff nor defendant have established their claims as to the special organi-

zation of the corporation, and that therefore the note is simply a note upon the face of which it appears that interest is charged at the rate of one per cent a month or 12 per cent a year.

Section 8305, General Code, provides that where it is not otherwise provided that "the creditor shall be entitled to interest at the rate of six per cent per annum, and no more."

Section 8306, General Code, relating to usurious interest and the remedy of the debtor provides that payments made by the way of usurious interest, in excess of interest allowed by law, shall be taken to be payments made upon principal; and judgment shall be rendered for no more than the balance found due, after deducting the excess of the interest so paid.

The case of *Citizens Budget Co.* v. *O'Connell, supra,* holds in paragraph 1 of the syllabus:

"A court may of its own motion refuse to enter judgment for interest in excess of the legal rate."

The court in that case on page 161 states that the court below was justified in refusing upon its own initiative to include usurious interest in the judgment, "and it might have gone further in that respect by so entering judgment as to have included interest at six per cent only."

We are, therefore, of the opinion that under the pleadings and evidence, the excess of interest above six per cent per annum paid upon this note, which is usurious on its face should be taken to be payments made on the principal and that judgment shall not be rendered for more than the balance found due after deducting the excess of interest paid. Where the usury appears on the face of the instrument it is not necessary to otherwise prove it. There is an allegation in the answer, pleading usury, though for a reason different from that disclosed by the evidence.

Boyd Mills, the treasurer of the credit union, testified as to the payment of interest and the credit upon

the principal and the balance due, amounting to $746.65. Under our view these interest payments in excess of six per cent per annum must be considered as payments upon the principal, and the amount of the judgment be decreased to that extent. *Alston* v. *American Mortgage Co.*, 116 Ohio St., 643, at page 648, 157 N. E., 374.

Since writing this opinion we have had the benefit of the very excellent brief of Messrs. Clark & Costello, acting *amicus curiae*. While it is interesting, it is not convincing as to the right to charge the interest stipulated in the note, and we adhere to our opinion as here written to the effect that the usurious interest must be credited upon the principal.

Our former opinion will be modified in consonance with this opinion.

*Judgment accordingly.*

HORNBECK, P. J., and BARNES, J., concur.