**In re PROTEAU.**

No. 65163.

United States District Court
N. D. Ohio, E. D.
March 17, 1952.

---

Harvey E. Ellsworth, Cleveland, Ohio, for bankrupt.

Hugh Wells, Edw. I. Wallach and Jos. Dembe, Cleveland, Ohio, for trustee.

Kenneth S. Thomson, Cleveland, Ohio, Trustee.

Herberich, Rowley & Taylor, Akron, Ohio, for Herberich-Hall-Harter Co.

JONES, Chief Judge.

This matter came on for hearing upon the petition of the Herberich-Hall-Harter Company for review of the Referee's order of May 22, 1951. The Referee awarded judgment to petitioner in the sum of $1,766.42, with interest, this being the balance found to be due on petitioner's loan No. B–833 to the bankrupt.

Petitioner complains of the allowance by the Referee of a set off of alleged usurious interest against its claim, and his overruling of several motions.

After careful consideration of the oral arguments of counsel, the briefs and the certificate of review, and adhering to the recognized rule and order respecting review of findings of fact by a referee, the following conclusions have been reached for disposition of the matters presented.

■ The Referee's finding that petitioner performed no compensable services for the bankrupt to justify the so-called "commission", in connection with loan B–833, is approved. This finding is supported by substantial evidence in the record.

■ The Referee's conclusions, based upon this finding, that the loan was usurious within the purview of Sections 8303 and 8306 of the Ohio General Code and that the usurious payments could be deducted from the balance remaining due on the loan, were proper. Independent Foods, Inc., v. Lucas County Savings Bank, Ohio App., 70 N.E.2d 139; New York Credit Men's Ass'n v. Schnur, 2 Cir., 89 F.2d 681. See cases collected in Pushee v. Johnson, 123 Fla. 305, 166 So. 847, 105 A.L.R. 795 and Ferguson v. Grand Rapids Land Contract Co., 242 Mich. 314, 218 N.W. 685, 63 A.L.R. 823. Section 8306, Ohio General Code; Widdifield v. Aetna Live Stock Ins. Co., 3 Ohio Dec. 276; Columbus Postal Employees Credit Union, Inc., v. Mitchell, 63 Ohio App. 281, 26 N.E.2d 593. It is no defense that the payments were voluntary. Section 8307, Ohio General Code; Independent Foods, Inc., v. Lucas County Savings Bank, supra; Widdifield v. Aetna Live Stock Ins. Co., supra.

However, it is my considered judgment that the Referee's ruling was clearly erroneous in allowing a set off of alleged usurious payments in closed transactions against the amount remaining due in the open transaction.

Any usurious payments in the transactions here may not be recovered as a separate and distinct claim. The Ohio statutes do not contemplate a separate recovery of usurious interest. Colston v. Hastings, 11 Ohio Dec. 125; Clutch v. Ebright, 5 Ohio App. 449; Mallon v. Munson, 2 Handy, Ohio, 97. Thus, any usurious payments in the closed transactions may not be made the subject of a set off on the basis that they are separate and distinct claims. Nor may they, under the undisputed facts presented, be deducted now on the basis that there was here a continuing transaction, which it clearly was not.

The Ohio courts have allowed a credit of all usurious payments made against the principal claimed to be due only where it was in truth a continuing transaction, i. e., where the same principal debt had been "in reality never paid as such", but had been "kept up and continued as the ground and basis of usurious exactions". Mallon v. Munson, supra; Widdifield v. Aetna Live Stock Ins. Co., supra; Beals v. Lewis, 43

906

Ohio St. 220, 1 N.E. 641. (Decided under Section 3183 of Revised Statutes of 1848, the forerunner of the present statute.)

Independent Foods, Inc., v. Lucas County Savings Bank, supra, relied upon by the Trustee, can be explained thus. There the loans were carried forward into a continuing balance. Interest, including renewal fees, was charged on this balance and measured by it.

Our case is distinguishable. The undisputed facts show that all of the notes in question ran for a stated period at a specified yearly rate of interest. After maturity, they drew interest at six percent, no rate being specified to cover this contingency. Section 8305, Ohio General Code. They were not kept up in a balance, or otherwise, for the purpose of exacting further usurious payments.

It may be the fact, as counsel for the trustee represents, that in the Independent Food case, "the excess interest on the *executed* transactions was credited against the principal and legal interest on the executory transaction",—but that is not the same as crediting excess interest on *closed* transactions against the principal and interest on the only remaining unpaid note, as the trustee seeks to do here.

In Independent Foods there were executed notes with outstanding and continuing unpaid balances,—here there were executed notes, but they were paid and canceled before the critical time.

In this view of the matter, the Referee's computation must be modified as follows:

Strike out the first debit item:

$4,270 (commission adjudged usurious)

$1,210.16 (interest thereon at 6%)

Debit only:

$300 (commission on loan B–833 adjudged usurious)

86.05 (interest thereon at 6%).

This results in judgment for the petitioner in the sum of $6,860.53, without interest.

The Referee's rulings on petitioner's motions are confirmed. Section 39, sub. c, Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, and Rule 7(a).