Kelsey *v.* Burgis.

---

### KELSEY *vs.* BURGIS.

The act of 1849, relating to the taking of usury, is prospective in its terms and operations.

The penalty, imposed by such act, for contracting to take an illegal rate of interest for the forbearance of a loan previously made at lawful interest, is the forfeiture of the interest accruing after such illegal contract was made, and not the interest, which had accrued previous to the making of the contract.

Therefore, where in an appeal from the doings of commissioners on an insolvent estate, it appeared that in 1845 the appellant loaned money to A. taking a note therefor, payable on demand with interest, and the accruing interest thereon was duly paid till 1853, when the appellant required, for the further

forbearance of said loan, interest at the rate of ten *per cent. per annum,* to which A. agreed, and afterward paid one half year's interest at that rate ; it was held, that no interest, which accrued subsequent to such agreement, could be recovered, and that all payments made thereafter, whether of interest or of principal, were to be applied upon the principal debt.

THIS was an appeal from the doings of the commissioners, on the estate of Samuel Burgis, deceased, in relation to the claim of Wm. Kelsey against that estate.

The superior court for the county of New Haven, at the term holden in December, 1855, found the following facts, and reserved the case for the advice of this court.

On the 6th day of March, 1845, Samuel Burgis, then in full life, borrowed of Wm. Kelsey, the appellant, three thousand dollars ; and in consideration thereof, jointly and severally with John Burgis as surety, executed to the said William Kelsey his note for three thousand dollars payable on demand with interest. The interest at the rate of six per cent. was duly paid by said Samuel Burgis on said note to Kelsey, up to the 6th day of September, 1853. On the 30th day of November, 1853, said Kelsey required the immediate payment of said note, unless the said Samuel Burgis would pay him interest at the rate of ten *per cent. per annum,* for the further forbearance of said note; and it was agreed thereupon between the said Kelsey and Samuel Burgis, that interest at the rate of ten *per cent. per annum* from and after the 6th day of September, 1853, should be paid on said note. On the 6th day of March, 1854, in pursuance of said agreement, the said Samuel Burgis paid and said Kelsey received of him the sum of 150 dollars as interest on said note for the six months last preceding, being at the rate of ten *per cent. per annum.* On the — day of April, 1854, said Samuel Burgis died, and no further payments were made upon said note.

In addition to the aforesaid payments of interest, in September, 1852, said Samuel Burgis, at the request of said Kelsey, paid to him the taxes of said Kelsey on said note, in the town of Winsted, amounting to the sum of eleven

dollars sixteen cents, but the same was not demanded, or received, by said Kelsey as a condition for the forbearance of said loan. The endorsements of interest on said note at the rate of six per cent., up to September 6th, 1853,

| | |
|---|---|
| amounted to . . . . . . . | $1,530.00 |
| Amount of taxes paid in 1852, . . . . | 11.16 |
| Amount paid March 6th, 1854, for interest for the six months preceding, at the rate of ten per cent., | 150.00 |
| | 1,691.16 |

Said Kelsey duly presented said note to the commissioners on the estate of Samuel Burgis, for allowance, who deducted from the principal of said note the aforesaid items, and allowed the balance, amounting to the sum of 1,308 dollars 84 cents, as the claim against said estate, in favor of said Kelsey, by virtue of said note.

*Baldwin* and *Dutton* & *Munson* in support of the appeal.

1. The object of the statute of 1849 was to reduce the penalty for taking usury, to a forfeiture merely of what is taken usuriously.

2. The third section of the same statute applies the same principle, and accomplishes the same object, by considering everything received usuriously by the lender, as received towards the principal.

3. The statute is expressly prospective, and is not intended to affect transactions, which had taken place previous to the act.

4. The expression in the third section, " that judgment shall be for such a sum as that the plaintiff shall have, in the whole, the amount originally lent, only without interest," is inserted merely to carry out previous provisions, and ought not to be so construed as to affect *bona fide* payments of interest on a debt.

5. The last clause of the section evidently refers to a future contract for usury on a contract previously made.

It would be gross injustice, as well as an absurdity, to make a usurious contract in 1856 affect a *bona fide* transaction in 1850:

*N. J. & T. S. Buel* and *Smith* against the appeal.

1. By the provisions of the act of 1849, the agreement to pay and receive ten per cent. was usurious.

2. The act of 1849 applies not only to contracts subsequently made, but to contracts made prior to the passage of the act.

3. The appellant is entitled to recover only the principal sum, after deducting all sums paid for forbearance.

4. If the note is not affected by the act of 1849, then, by the provisions of the old law unrepealed, the contract is utterly void.

HINMAN, J. By the act of 1849, in respect to the taking of usurious interest, Rev. Stat. p. 867, it is provided, that the taking of more than the sum of six dollars, for the forbearance of one hundred dollars in money, or other property of that value, for a year, and after that rate, for a greater or less sum, or for a longer or shorter time, shall work a forfeiture of the money, or other property so taken. The act is prospective in its terms, and should, therefore, have a prospective operation. In 1845, long before the enactment of this statute, the appellant loaned to the deceased the sum of three thousand dollars, taking his and John Burgis' note therefor, payable on demand, with interest; and the regular accruing interest, at the rate of six per cent., was paid thereon, up to the 6th day of September, 1853. Thus far there was nothing illegal, or improper, in the contract, or the payments that were made under it. Mr. Kelsey had a valid note, the full amount of which was justly due, and might have been collected. But on the 30th of November, 1853, he required of the deceased, for the further forbearance of said loan, interest, at the rate of ten per cent. *per annum*, which was agreed

to by the deceased, and one half year's interest, at this rate, was subsequently paid on the note.

It is admitted that this illegal agreement cannot be enforced. But the appellant claims that it ought not to affect his right to recover simple interest, at the lawful rate, for the whole time the loan has been forborne; and the appellees, on the other hand, claim that it operates to destroy all claim for any interest on the debt, as well for that which accrued and was paid prior to the making of the illegal contract, as for that which otherwise would have accrued, subsequently thereto,—that the illegal agreement, under the act of 1849, retro-acts upon the debt, from its commencement, to prevent any interest from being allowed upon it; and all the interest paid upon it, though legally and justly due, as interest, at the time it was paid, ought now to be deducted from the face of the note.

We think neither of these claims correct. That of the appellant is contrary to the whole spirit of the act, and to the language of the last clause of the third section, which provides, that the provisions of that section shall apply not only to cases where usurious interest is reserved, or taken, at the inception of the contract, but also to cases, where interest, beyond the rate allowed by law, is reserved, or taken for further forbearance of loans previously made. While we do not adopt the harsh construction of this clause, which is claimed on the other side, it was, obviously, put into the section to guard against an evasion of the main object of the law, which it was supposed might be effected by making oppressive contracts, in respect to the further forbearance of previous loans, at lawful rates of interest. We think, therefore, that, as this case is situated, the original loan having been made previous to the enactment of the law, and considering, that, by the terms of the law, it was obviously intended to operate prospectively, it can only apply to the interest which otherwise would accrue upon the loan, after the making of the usurious agreement. On the

other hand, at the time the previous interest accrued, and was paid, it was justly, and legally due, and we do not think it was the intention of the legislature to make it illegal, in conseqnence of an illegal agreement, in respect to further forbearance of the original loan.    In substance, this would be to authorize the debtor to recover, as a penalty for the illegal agreement, money previously paid under a lawful contract, and which, at the time it was paid, was justly due. To justify such a construction, the intention of the legislature should be expressed in language such as to leave no doubt of the object.    But the language of the first section is clearly prospective in its terms.    It speaks of those who shall take, accept, or receive, which are words only proper as applied to transactions thereafter to occur ; and the third section is still more explicit.    It commences by saying that " contracts hereafter made, by which there shall be reserved, or taken, more than at the rate," &c., words which are totally inapplicable to contracts then made, which, we think, were intended to be left unaffected by that statute.

The same reasoning may be applied to the claim of the appellees, that the last clause of the third section of the act of 1849 applies to this particular note.    It can apply only to contracts made after the passage of the act,—whereas this contract was made long before its passage.    The illegal contract was made after the passage of the act, and is, therefore, within its terms, but, in respect to the note, it is unaffected by it, except so far as it is affected by the subsequent illegal agreement, and this can only be, in respect to interest, not then paid, but thereafter to accrue.

It was not the intention to impose a greater penalty for contracting to take an illegal rate of interest, than the forfeiture of the whole interest after the illegal contract was made.    Any other rule would be unequal, and, therefore, is not to be presumed to have been intended.    The rule, claimed by the appellees, would operate unequally, just in proportion to the time a contract, originally legal, but made

usurious by a subsequent agreement like the one under consideration, had been running, before such subsequent agreement was entered into. If it was at the expiration of only one year, then only six *per cent.* would be forfeited, or one year's interest. While, if the debt had been for a longer time due, and the interest had been paid, the creditor might find his debt fully paid by the mere payment, from time to time, of the accruing interest, which, when paid, was justly due. This could not have been the meaning of this clause of the third section, especially when applied to cases, like this, where the illegal agreement is made for the further forbearance of a loan, previously made at a lawful rate of interest. We think, therefore, that the illegal agreement, in this case, operates to defeat the recovery of any interest on the loan, accruing after that agreement was made, and all payments, made subsequent to that time, whether of interest or of principal, are to · be applied upon the principal debt. The effect of the illegal agreement is the same, in this case, as if the original debt, with the interest due upon it, had been collected, and the amount then loaned to the deceased, at an illegal rate of interest.

For these reasons there was error in the report of the commissioners, which should be corrected in conformity to the views here expressed.

In this opinion, the other Judges, STORRS and ELLSWORTH, concurred.

Report of commissioners to be corrected accordingly.