## NEWTON VS. WILSON et al:

1. USURY.

   Usury is the charging of unlawful interest, and unless there is a law which limits the rate of interest to be charged for the use of money, there can be no usury.

2. ———.

   In a proceeding to foreclose a mortgage, held, that a contract for interest at the rate of 2½ per cent. per month, executed while the provisions of the Constitution of 1868 in regard to usury, and the laws enacted thereunder, were in force, was valid, and the subsequent enactment of a usury law did not affect it.

APPEAL from *Pulaski* Chancery Court.

Hon. J. R. EAKIN, Chancellor.

*Gallagher & Newton,* and *Rice,* for appellants.

*Farr, contra.*

WALKER, J.:

Wilson and Webb filed their complaint in the Pulaski Chancery Court to foreclose a mortgage, and subject certain lands to sale to pay the following note:

$1,000.              LITTLE ROCK, ARK., 17th May, 1871.

Sixty days after date, I promise to pay Wilson & Webb $1,000, with interest at the rate of 2½ per cent per month from date until paid.          [Signed]          R. C. NEWTON.

Service of process was waived, and, at the first term of the court, by consent, the cause was continued until the next term, with leave to Newton to file an answer during the term. On the same day, and probably before this agreement, Newton had filed a demurrer to the complaint, which seems to have been understood as waived by the agreement, and is in argument, not insisted upon by Newton's counsel.

No answer was filed, or further defense interposed, and a decree rendered in favor of plaintiffs for $1,000 debt, and $1,100

damages, with interest on the same at 10 per cent. until paid. The mortgage was foreclosed, and the lands therein described decreed to be sold.

Newton has appealed.

No objection is raised as to the regularity of the proceedings, but the ground assumed by counsel for reversing the decree is, that the Constitution of 1868, which was in force at the time the note was executed, whilst it conferred power upon the Legislature to declare the legal rate of interest where no rate of interest was specified in the contract, provided, that "no law limiting the rate of interest for which an individual may contract in this State shall ever be passed."

Counsel contend that this clause of the Constitution was an attempt to open the door to an unlimited charge for the use of money, and to make usury lawful, which was held to be odious, and inequitable. That 10 per cent. is, almost by universal understanding, the extent of reasonable interest, and that, to contract for a greater amount is, in effect, to contract for usurious interest.

We are not unmindful of the odium in ancient times attached to usury, and to usurers, and that, at all times since, in every christian country, money changers and usurers are looked upon with disfavor, and if now they do not ply their calling in the synagogues, they are not, for that reason, less odious.

Usury is the charge of unlawful interest; a usurer, one who lends money at a rate of interest greater than that established by law. Unless there is a law which limits the rate of interest to be charged, there can be no usury. There was, at the time the contract was made, no statute limiting the rate of interest, and therefore an unlimited right to contract.

That a wide door was opened to oppression is certain, nor c there be any doubt that such was the intention of the framers of

the Constitution of 1868, which prohibited legislation limiting the right to contract such rate of interest as the party contracting chose. And it will also be seen that the Legislature in the same year, the more effectually to give effect to this clause, denied to the litigant the right to plead usury as a defense.

It is true, that this constitutional provision has been changed, and limits by legislation to the right to contract for interest enacted, and the statute which forbids the interposition of the plea repealed. But the validity of this contract, and the rights of the parties under it, are to be determined, not by the laws in force when the suit was instituted, but such as were in force when the contract was made. *Jacoway, adm'r,* v. *Denton,* 25 Ark., 625.

The defendant interposed no defense whatever to the action. The plea of usury was not interposed, no demurrer to the complaint, by which any question of law could be presented.

A proper decree, under the state of case presented, appears to have been rendered. Let the judgment in all things be affirmed.