**JOSEPH C. MACKEY v. THEODORE H. THOMPSON**

14 So. (2nd) 571
June 22, 1943
Rehearing Denied July 19, 1943

June Term, 1943
Division B

*Byrd & McCaughan,* for appellant.
*Julian E. Ross,* for appellee.

SEBRING, J.:

Theodore H. Thompson brought suit against Joseph C. Mackey in the Circuit Court of Broward County to recover the sum of $2500 alleged to have been lent by him to Mackey,

and for an additional sum of $200 alleged to be due and payable for interest thereon and for services performed and expenses incurred in and about the loan. The declaration contained a special count upon a written instrument that was given as evidence of the loan, and upon the common counts for money lent and for work done and materials furnished.

At the time the loan was made Thompson resided in the State of Indiana and Mackey was a resident of the State of Ohio. The agreement between the parties was reached in the State of Indiana. The written instrument was executed in that State and the money was delivered there. From a copy of the cause of action filed with the declaration it appears that the money was advanced by Thompson to be used by Mackey in the completion of an airplane to be flown in certain air meets for prize money. The writing acknowledged the receipt of $2500 by Mackey and recited that in consideration of the loan the sum of $2700 would be paid back to Thompson for the money received and "for services rendered and interest" not later than 90 days from date, together with an additional sum of 25% of such moneys as Mackey might win in the air meets.

The defendant filed several pleas to the declaration among which was a plea that admitted receipt of the $2500 but sought a forfeiture of both principal and interest on the ground of usury. The plea alleged, in substance, "that the plaintiff at the time of the making of the agreement had not rendered any services, and has not since rendered any services; that the plaintiff did not expect to receive any services; but the recital of services rendered was false and was a contract, contrivance or device whereby the plaintiff wilfully and knowingly charged the defendant the sum of $200 greater than the sum of money loaned, and in addition thereto a bonus conditioned upon the receipt of certain funds, such being additional sums of money equal to twenty-five per cent per annum upon the principal sum loaned."

No move was ever made by the plaintiff to test the legal sufficiency of the plea by demurrer or other appropriate pleading, the parties went to trial thereon. At the trial considerable testimony was given concerning the transaction

and the extent to which services had been rendered and expenses incurred in making the loan, but no evidence was offered by either party relative to the usury laws of the State of Indiana.

At the close of all the evidence the defendant moved for an instructed verdict on the usury plea, assigning as grounds that the transaction was usurious and void under the laws of the State of Florida and, as shown by the uncontradicted evidence, was a contract, contrivance, or device whereby the plaintiff wilfully and knowingly charged the defendant interest in excess of 25% per annum upon the sum loaned and that therefore both principal and interest should be forfeited. The trial court denied the motion and, upon motion of the plaintiff, instructed the jury that as the contract or transaction was governed by the laws of the State of Indiana and as defendant had offered no proof of the usury laws of that State, the defendant must fail on his plea for want of proof. The case then went to the jury and the jury returned a verdict in favor of the plaintiff for $2000 damages. This appeal is from the judgment.

It is conceded by the parties that the contract or transaction was consummated in the State of Indiana and that the law of that State would ordinarily prevail. Thompson, et al., v. Kyle, 39 Fla. 582, 23 So. 12. It will be observed, however, that the plea of usury upon which the defendant relies makes no reference to the usuary laws of the contracting state. It is the defendant's theory that as the plea is silent in this respect a presumption arises that the usury laws governing money transactions in the State of Indiana and the laws governing like transactions in the State of Florida are the same, and that in the absence of pleading and proof on the part of the plaintiff to the contrary the trial court is bound to apply the usury laws of the State of Florida to the situation. The defendant contends further that as the plaintiff saw fit to join issue on the plea as framed without first testing its legal sufficiency by demurrer or other appropriate pleading, and that as the uncontradicted evidence given at the trial shows usury under the Florida law, it was the duty of the trial court to consider the plea as proven and,

aided by the controlling presumption that the law of the contract and the law of the forum are the same, to give judgment accordingly.

We think that this contention overlooks certain fundamental principles, the recognition of which are fatal to the defendant's position in the matter. In the first place, we cannot agree that the testimony necessarily shows usury in the transaction, even under the Florida law. As we view the matter, the testimony was conflicting on that issue and there was evidence upon which the jury might lawfully have returned a verdict for the plaintiff; if not on the special count then certainly upon the common counts for money lent and work done and materials furnished. But aside from this, the general rule that the law of a sister state upon the subject matter in litigation will be presumed to be the same as the law of the forum until shown by due allegation and proof to be otherwise (Barnes, et al., v. Liebig, et al., 146 Fla. 219, 1 So. (2nd) 247) is not without qualification. For example, it has been held repeatedly by sound authority that such presumption will not be indulged in when the laws of the forum impose a penalty or forfeiture as in the case of usury. Jones, The Law of Evidence in Civil Cases, 3rd Ed. Sec. 83, p. 104; Chamberlayne, The Modern Law of Evidence, v. 2, Sec. 1213, p. 1539; Webb on Usury, Sec. 280, p. 318; 27 R.C.L. Sec. 58, p. 255; Grider v. Driver, 46 Ark. 66; Hull v. Augustine, et al., 23 Wis. 383; Rooney v. Southern Bldg. & Loan Assn., (Ga.) 47 S. E. 345; Hubbell, et ux., v. Morristown Land & Imp. Co., (Tenn.) 32 S.W. 965. We think that this limitation on the rule is sound, and that we may not assume that the laws of the sister state on the subject of usury are the same as our own and visit the transaction with the same penal consequences.

Moreover, usury being a purely personal defense which may be availed of, or waived, at the election of the party aggrieved, it has no especial claims upon the indulgence and favor of the court, but must be disposed of upon the same principles and in the same manner as other defenses. Sullivan v. Thumm, 101 Fla. 1412, 136 So. 439. One seeking to defeat or avoid an obligation on the ground of usury, there-

fore, is required to plead and prove every essential element of the offense, including the law of the contradicting state, so that the court may be in position to determine whether or not the obligation offends the law of the state where consummated; otherwise the assumption will be that the contract is not usurious.

Secondly, and assuming for the sake of argument that the uncontradicted evidence shows a state of facts amounting to usury under the laws of Florida, it does not necessarily follow that because the opposite party has gone to trial on a plea insufficient in law the pleader is entitled to judgment, upon proof of the immaterial issue. A motion for a directed verdict is the equivalent of a demurrer to the evidence. And since the evidence in support of a plea can have no greater effect as a proven defense in law than the plea under which it was offered warrants, a motion for directed verdict on the ground that the plea has been established as a matter of law puts in issue not only the sufficiency of the evidence to sustain the plea as framed but also the sufficiency of the plea *as a matter of law*. Despite the fact, therefore, that the plaintiff joined issue on the plea without first testing it by demurrer or other appropriate pleading, the defendant was not relieved of establishing the facts necessary to a lawful defense, for the motion for a directed verdict made at the close of all the evidence put the sufficiency of the purported plea of usury in isue both as a matter of fact and law, and the court was bound thereupon to give its judgment either sustaining or denying the motion, in favor of the party who at the time the motion was made was lawfully entitled on the face of the record and the evidence to judgment on the issue. Berger v. Mabry, 113 Fla. 31, 151 So. 302.

All other assignments of error have been duly considered and are found to be without merit.

From what we have said, it follows that the judgment should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.