80 So.2d 910 (1955)
Hyman YAFFEE, individually and as Trustee, Appellant,
v.
INTERNATIONAL COMPANY, Inc., a Florida corporation, Appellee.
Supreme Court of Florida. En Banc.
June 1, 1955.
Rehearing Denied July 1, 1955.
*911 Caldwell, Parker, Foster & Wigginton, Tallahassee, J.M. Flowers, Miami, and Royal Flagg Jonas, Miami Beach, for appellant.
Patton & Kanner, Miami, for appellee.
SEBRING, Justice.
The appeal is from a final declaratory decree entered in favor of the plaintiff below upon the following facts:
Prior to the effective date of Chapter 28170, Laws of Florida 1953, F.S.A. § 608.01 et seq., the statutes of the state prescribed the maximum legal rate of interest that might be charged on borrowed money and provided penalties for usurious loans. Chapter 687, Florida Statutes 1951, F.S.A. However, as to corporate transactions involving the payment of interest in excess of the legal rate the statutes provided, "No corporation shall interpose the defense of usury in any action in any court in this state." Section 612.62, Florida Statutes 1951, F.S.A. On April 1, 1953, the International Company, Inc., a corporation, borrowed from the appellant Yaffee the sum of $440,000. To evidence and secure the indebtedness the borrower gave to the lender its note and mortgage in the principal sum of $440,000, agreeing therein to pay annually, in advance, the sum of $40,000 as interest on the loan. At the closing of the transaction the lender, with the consent of the borrower, delivered to the borrower the sum of $360,000 and retained as a "bonus," and as the annual interest agreed to be paid in advance for the first year of the loan, the sum of $80,000.
After the transaction had been closed, Chapter 28170, Laws of Florida 1953, containing a section repealing section 612.62, supra, became effective. Subsequently, the borrower brought the present suit to determine the legal effect of the repealing statute upon the loan made prior to the effective date of the 1953 act; and at final hearing the trial court found and decreed that the repeal by the legislature of section 612.62, Florida Statutes 1951, had the effect of making the defense of usury available to the corporation in respect to the loan.
On this appeal, the lender submits that the decree entered in favor of the corporate borrower was erroneous because it gave to the repealing statute a retrospective operation in regard to a loan that was legal when made, in violation of constitutional provisions against the passage of laws impairing the obligation of contracts. Section 10, Article I, Federal Constitution; section 17, Declaration of Rights, Constitution of Florida, F.S.A. The borrower contends, in opposition to this position, that the repealing statute should be given a retrospective operation in respect to the loan, because when entered into the loan transaction was in violation of the general usury laws of the state and hence illegal, and, except for the existence of the procedural bar of section 612.62, supra, would have been subject to the penalties of the usury laws in a suit brought by the lender to enforce it; that inasmuch as the transaction was unlawful at its inception, the parties were on notice that the procedural bar could be removed at any time without violating constitutional guaranties against impairment of contracts, since such guaranties extended only to legal and valid contracts.
We think that the contention of the appellee must be rejected on any one of several grounds.
Firstly, the contention of the appellee overlooks the fact that the general rule, to the effect that repealing statutes should be given a retrospective operation, is based upon, and confined to, the situation where a right or remedy has been created *912 wholly by statute; it being held, in such event, that when the statute is repealed the right or remedy created by the statute falls with it. Kemp v. Day & Zimmerman, 239 Iowa 829, 33 N.W.2d 569. 82 C.J.S., Statutes, § 434, pp. 1008, 1009. While the repeal of a statute creating defenses of usury has been held to render valid a contract that was subject to the defenses of the statute when made, the converse of the proposition does not obtain, it being the uniform ruling of the courts that parties to contracts executed when there are no usury statutes have accrued rights that cannot be impaired or taken away by the subsequent enactment of usury statutes. Annotation 87 A.L.R. 462, at page 465. Section 10, Article I, United States Constitution; Mix v. Fidelity Trust & Safety Vault Co., 103 Ky. 77, 44 S.W. 393; Adams v. Shirk, 7 Cir., 117 F. 801; Kelsey v. Burgis, 24 Conn. 446; Newton v. Wilson, 31 Ark. 484; Association for Relief of Respectable Aged Indigent Females in City of New York v. Eagleson, 60 How. Prac., N.Y., 9; 12 Am.Jur. 65, 66. Accord Myrick v. Battle, 5 Fla. 345.
Secondly, the contention of the appellee overlooks the fact that the defense of usury was unknown at the common law, Matlack Properties, Inc., v. Citizens' & Southern Nat. Bank, 120 Fla. 77, 162 So. 148, and Sodi, Inc., v. Salitan, Fla., 68 So.2d 882; and that, by the weight of authority, a statute such as that repealed in the instant case, prohibiting corporations from pleading usury, is restorative of the common law, and as to contracts made thereunder operates pro tanto as a repeal of any existing statutes providing for defenses of usury, and protects from their operation, as though the usury statutes never existed, loans made to corporations at rates of interest which would otherwise be unlawful. Tennant v. Joerns, 329 Ill. 34, 160 N.E. 160; Brierley v. Commercial Credit Co., D.C., 43 F.2d 724; Alston v. American Mortgage Co., 116 Ohio St. 643, 157 N.E. 374; Straus v. Elless Co., 245 Mich. 558, 222 N.W. 752; Annotations 43 A.L.R. 18, 74 A.L.R. 209.
This being the nature of corporation contracts made under such a statute, it is plain that however an abrogation of the statute is sought to be accomplished, whether by repeal or by an affirmative enactment, the effect of applying the provisions of the statute retrospectively would be to apply usury penalties to corporate obligations which, when made, were subject only to rules of common law under which interest rates were not limited; and hence such application would be in violation of constitutional provisions which forbid the enactment of laws impairing the obligation of contracts. Brierley v. Commercial Credit Co., supra.
Thirdly, the contention of the appellee, at least insofar as it urges that the contract was illegal at the time it was made, fails to take into account the frequently adjudicated fact that the usury statutes in this jurisdiction do not have the effect of invalidating contracts for interest at a rate higher than the statutory maximum, but only accord to the obligor the personal privilege of setting up, or waiving, affirmative defenses of usury in respect to such contracts. Coe v. Muller, 74 Fla. 399, 77 So. 88; Mackey v. Thompson, 153 Fla. 210, 14 So.2d 571; Chakford v. Sturm, Fla., 65 So.2d 864; Sections 687.03, 687.04, Florida Statutes 1953, F.S.A. Consequently, there is no analogy between the contract involved in the instant case and those adjudicated in the decisions relied on by the appellee, wherein it is held that the contracts brought into controversy were beyond the purview of the constitutional guaranties against the impairment of the obligation of contracts because the contracts involved were void and absolutely unenforceable when they were made. Hudson County Water Co. v. McCarter, 209 U.S. 349, 28 S.Ct. 529, 52 L.Ed. 828.
The decree appealed from should be reversed for the entry of a decree in conformance with this opinion.
It is so ordered.
DREW, C.J., TERRELL, THOMAS and BUFORD, JJ., and McNEILL, Associate Justice, concur.