120 So.2d 212 (1960)
AMERICAN NATIONAL GROWERS CORPORATION, a Corporation Authorized to Do Business in the State of Florida, Appellant,
v.
Harry C. HARRIS et ux., et al., Appellees.
No. 1525.
District Court of Appeal of Florida. Second District.
April 27, 1960.
Rehearing Denied May 20, 1960.
L. Fred Reedy, Eustis, and Carlton & McCain, Fort Pierce, for appellant.
Walter Warren, Leesburg, for appellees.
MILLEDGE, STANLEY, Associate Judge.
This is an appeal by the plaintiff in a suit to foreclose three mortgages from a summary final decree and from an earlier order refusing leave to file a supplemental complaint to cure the defect of plaintiff's non-payment of intangible tax on the mortgage notes. The decree was entered on the motion of defendants Harry C. and Louise Harris.
The first answer of these defendants alleged that "the plaintiff is barred from maintaining this action by reason of the statute laws of Florida." To the amended complaint they answered that notes and *213 mortgages "were usurious under the laws of the State of Florida to the extent that the plaintiff has forfeited its right to collection of any sums of money whatever from these defendants and in addition thereto the extent of the usury comprehended in said notes and mortgages exceed twenty-five per cent of the total claimed by the plaintiff in the note and mortgage described. * * *"
The trial judge in his summary final decree held that this answer constituted a compulsory counterclaim and by failing to respond to it the plaintiff admitted the usury. On this basis and on the finding that the complaint proved the usury, the summary decree was entered.
In the first place the defendants' pleading fails to allege usury, whether it is an answer or a counterclaim. It is a mere conclusion of law. It does not state facts "with such particularity as the circumstances may permit." Rule 1.9(b), Florida Rules of Civil Procedure, 30 F.S.A. See Mackey v. Thompson, 153 Fla. 210, 14 So.2d 571, as to pleading usury. The essential element of the intent of the lender is omitted. See Stewart v. Nangle, Fla.App. 1958, 103 So.2d 649, dealing with the significance of intent as a matter of proof. Absent an attack on the sufficiency, the inadequate pleading might suffice as a basis for trial but the trial judge viewed the pleading as evidence of the plaintiff's admissions. So even if the plaintiff had admitted the defendants' pleading it did not admit usury, since usury was not actually pleaded.
In the second place the pleading, adequate or inadequate, is not a counterclaim; it is an affirmative defense. If the defendants are successful in proving a willful exaction of more than twenty-five per cent they defeat the foreclosure for nothing is due. Proving this is not a basis for going further and awarding some additional relief to the defendants from the plaintiffs. The tactic is defensive; not offensive. Being an affirmative defense, Rule 1.8(d), it required no responsive pleading by the plaintiff. The allegations of the affirmative defense are taken as denied without further pleading. Rule 1.8(e). Falick v. Sun 'N Sea, Inc., Fla. 1955, 81 So.2d 749.
Since we are reviewing the trial court's decision rather than his reasons we should examine the affidavit in support of the motion for summary decree and the affidavits in opposition even though he did not base his conclusions on them. The gist of the affidavit of Mr. Harris is that he signed a note for $40,000 but the lender lent him only $10,000 and later when he needed more money to operate his packing house he signed another note and mortgage for $4,061.35 in order to secure that amount of money. The affidavits of the plaintiff were that it agreed to lend Mr. Harris $40,000 on the security of a first mortgage on his packing house but at the request of Mr. Harris it advanced $10,000 before a title search was made. Discovering that there was then a first mortgage on the packing house held by the First State Bank of Eustis it refused to advance further funds under its mortgage until the prior mortgage lien was discharged at the instance of Mr. Harris or he authorized the plaintiff to pay off the first mortgage from the $30,000.00 still due Mr. Harris, upon the title condition being met. Plaintiff says Mr. Harris did neither but that it furnished Mr. Harris frequent financial statements of their transactions with him showing just how much he had borrowed and how much he owed, from time to time, and that at no time did they ever claim that Mr. Harris owed them more money than he had actually borrowed. It acquired the first mortgage by assignment in which it alleged there was due, when the affidavit was made, a total of $20,702.73, $19,000.00 of which was principal. All three mortgages were being foreclosed in one suit. The defendant made no objection on that score. It probably makes no difference whether the suit was considered by the plaintiff to be on three causes of action or *214 on one cause of action, which by irregular handling was couched in the form of three separate mortgages. There is no dispute of the fact that Mr. Harris signed notes for sums far in excess of any sums lent him but the affidavits clearly reveal a factual dispute as to whether there was an intent to extract an unlawful rate of interest from the loans. A clumsily handled transaction is not necessarily a usurious one. The fact that Mr. Harris would be put in a bad position had the plaintiff transferred the $40,000.00 note and mortgage to a bona fide purchaser is simply a circumstance to support his contention and the fact that plaintiff never did that is a circumstance in their contention that they never intended to exact an unlawful rate of interest. Assuming the adequacy of the affirmative defense, the issue of usury is one of fact to be determined by a trial. The lower court denied the plaintiff's cross motion for a summary decree and while the plaintiff assigned this as error it seems to have abandoned the assignment thereafter.
Prior to the summary proceedings the plaintiff sought leave to file a supplemental complaint on the ground that it had not paid the State the Class C intangible tax due on the notes before the suit was filed; that it had since done so and wished to allege this by a supplementary pleading. This was denied apparently on the ground that failure to pay the tax bars enforcement for all time. The matter was not dealt with in the final decree. Refusal to permit the plaintiff to cure the defect is assigned as error. The applicable Florida Statute, Sec. 199.11(3), F.S.A., prohibits the enforcement of a mortgage by court action "unless and until the tax levied by this subsection has been paid." Whether or not the plaintiff needed to go so far as to file a supplemental complaint is not now important. To do so could not prejudice the defendants. Payment of the tax is a mere condition to enforcement of the obligation on which the tax is owed. Delinquency in payment does not work a forfeiture. The plaintiff was entitled to amend. Rule 1.15 (d) and (e). He should have been permitted to file the proposed supplemental complaint attached to his motion therefor.
The order denying leave to file a supplemental complaint and the summary final decree are both reversed with directions to try the cause on the issues as presently framed or as framed after further amendments as the trial court may deem appropriate to permit.
ALLEN, C.J., and SHANNON, J., concur.