PER CURIAM.
The City of Miami, Florida appeals from a summary final decree and judgment for the plaintiff below, Florida East Coast Railway Company, a Florida corporation.
The pertinent findings of fact of the trial judge are, in part, set forth below.
“On September 7, 1929, Plaintiff leased to the Defendant, CITY OF MIAMI, for an annual rental of one dollar ($1.00) three strips of the property which Plaintiff had acquired from Julia Tuttle. These strips of property are three feet wide and are parallel with and adjacent to the east boundary of the property covered by an easement which Plaintiff gave to the CITY for road construction purposes in 1926, in which property the CITY may claim some right, title, or interest. * * * The strips were leased to enable the CITY to construct a three-foot extension to an existing four-foot sidewalk. The lease was terminable by either party upon thirty (30) days’ notice. A sidewalk was constructed and presently exists on the three-foot strips as contemplated in the lease, and the rent has been paid to date.
On May 31, 1966, Plaintiff notified the CITY in writing that the sidewalk lease was terminated, effective July 1, 1966, and called upon the CITY to vacate the premises. Notwithstanding the cancellation of the lease, the premises are still being occupied by the CITY. Plaintiff accordingly filed this action for inverse condemnation for the purpose, inter alia, of quieting title in the Plaintiff to the property covered by the lease, and requiring the CITY to vacate the premises or compensate the Plaintiff for its loss. The issue before the Court is whether the Plaintiff is the owner of the premises and whether, upon termination of the lease, Plaintiff is now entitled to possession or compensation. On this issue the Court has arrived at the following conclusions of law:
1. The Plaintiff is the owner of record of the property leased to the CITY, and the lease was a valid lease.
2. The relationship between the parties was one of landlord and tenant during the period when the lease was in effect, and the CITY has no rights in the property other than, or superior to, those of a tenant holding over after termination of the lease.
3. The Defendant, CITY OF MIAMI, is estopped to deny Plaintiff’s title to the rented property (51 [c] C.J.S., Landlord and Tenant, Secs. 267-268; 15 Florida Law and Practice, Landlord and Tenant, Sec. 38).
4. The Plaintiff has never dedicated the property to the public for any public purpose, and the CITY has asserted no valid defense to the Plaintiff’s claim of ownership.
j{c ‡ % í|í sf:
The court further concludes that the CITY has asserted no valid defense to Plaintiff’s claim of ownership to the property covered by said easement.”
The sole point raised by the city on this appeal is:
Whether the chancellor erred in entering his summary final decree and the judgment and denying defendant’s motion for judgment on the pleadings when the defendant’s .affirmative defense has been pleaded sufficiently and not contradicted or opposed properly.
*12 Under this single point, the city argues that the following affirmative defense was raised as an issue in its answer:
The defendant, City of Miami, affirmatively alleges that due to the circumstances and facts existing pertaining to the property in question, that the title to the property involved herein is public property for the sole use and convenience of the public at large.
Under this affirmative defense, the city concludes that a genuífie issue of material fact remained to be determined in a trial. That fact question it believes is whether the city could invoke the provisions of Fla.Stat. § 337.31, F.S.A. concerning a conclusive presumption of dedication. This statute says:
“337.31 Roads presumed to be dedicated (1) Whenever any road constructed by any of the several counties or incorporated municipalities or by the department shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any county, municipality, or by the department, either separately or jointly, such road shall be deemed to be dedicated to the public to the extent in width which has been actually worked for the period aforesaid, whether the same has ever been formally established as a public highway or not. Such dedication shall be conclusively presumed to vest in the particular county in which the road is located, if it be a county road, or in the particular municipality, if it be a municipal street or road, or in the state, if it be a road in the state highway system or state park road system, all right, title, easement and appurtenances therein and thereto, whether there be any record of conveyance, dedication or appropriation to the public use or not.”
The city then concludes that under the definition section of Fla.Stat. § 334.03, F. S.A., the term “road” includes sidewalks and that there should be a conclusive presumption of dedication to the City of Miami insofar as this sidewalk property is concerned. Cf. Broward County v. Boulden, Fla.App.1989, 114 So.2d 737.
This argument overlooks the fact that the affirmative defense set forth by the city in its answer did not contain any factual allegations that the city was relying upon the conclusive presumption of dedication prescribed in Fla.Stat. § 337.31, F.S.A. Cf. American National Growers Corporation v. Harris, Fla.App.1960, 120 So.2d 212. Assuming arguendo, that the provisions of Fla.Stat. § 337.31, F.S.A. could be raised under the affirmative defense, the City has recognized the railroad’s ownership of this specific land by paying the annual rent provided for under a lease of this property. As a lessee and tenant, the City is estopped to deny the railroad’s title to this rented property. Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888 (1944).
In addition, we do not believe that the legislature intended for this statute to apply or act upon land which a city or county had acquired under a lease agreement.
“The purpose of the 1935 act was to operate as a statute of repose with respect to the rights of way of roads or portions thereof that had theretofore been constructed by road building authorities of the several counties and of the state itself under circumstances of irregularity in the acquirement of title to the rights of way wherever existing roads had been constructed and were being used.” [Emphasis added]. Palm Beach County v. South Florida Conservancy Dist., 126 Fla. 170, 176, 170 So. 630, 632-633 (1936).
For these reasons the summary final judgment herein appealed be and the same is, therefore,
Affirmed.
PEARSON, C. J., concurs in the result.