405 So.2d 747 (1981)
BUREAU OF CRIMES COMPENSATION, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Appellant,
v.
Cary J. WILLIAMS, Appellee.
No. 81-765.
District Court of Appeal of Florida, Second District.
October 14, 1981.
Rehearing Denied November 16, 1981.
Michael J. Rudicell, Dept. of Labor & Employment Security, Tallahassee, for appellant.
Stephen L. Rosen of Morris & Rosen, Tampa, for appellee.
GRIMES, Judge.
This is an appeal from an award of attorney's fees made in connection with proceedings under the Florida Crimes Compensation Act.
On April 11, 1980, Cary J. Williams filed an application for benefits pursuant to the Crimes Compensation Act for injuries which he sustained in an incident that occurred on March 28, 1980. The Bureau of Crimes Compensation denied Mr. Williams' application on July 7, 1980, and he filed a notice of appeal on August 21, 1980. Sometime thereafter, he retained counsel and pursued his appeal to a hearing before a deputy commissioner of the Department of Labor and Employment Security. After the hearing, the deputy commissioner entered an order in Mr. Williams' favor, awarding him disability benefits, payments for certain medical bills, and attorney's fees. The Bureau of Crimes Compensation appeals from the order, challenging only the award of attorney's fees. We have jurisdiction. § 120.68, Fla. Stat. (1979).
When the legislature originally enacted the Crimes Compensation Act, it included a provision for the award of attorney's fees to an applicant. § 960.19, Fla. Stat. (1979). However, in 1980, the legislature repealed the attorney's fees provisions of the act, effective July 1, 1980. Ch. 80-146, § 21, Laws of Fla. Thus, in the hearing before the deputy commissioner, the Bureau of Crimes Compensation argued that Mr. Williams was not entitled to an award of attorney's fees since the award would occur after *748 July 1, 1980. The deputy commissioner found, however, that Mr. Williams was entitled to attorney's fees because the attorney's fees provisions of section 960.19 were still in effect at the time Williams was injured. After careful study, we have concluded that Mr. Williams was not entitled to attorney's fees.
An award of attorney's fees to a litigant is in derogation of the common law and is allowed only when provided for by statute or contract. Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla. 1973). Repealing statutes apply retrospectively in all situations where a right or remedy has been created wholly by statute. Thus, when the legislature repeals a statute, the right or remedy created by the statute falls with it. Yaffee v. International Co., 80 So.2d 910 (Fla. 1955). Since all rights under the Crimes Compensation Act are statutory, Mr. Williams had no vested cause of action against the state for any recovery other than that which the act would allow. See Gryziec v. Zweibel, 74 A.D.2d 9, 426 N.Y.S.2d 616 (1980).
Mr. Williams can hardly claim that the result reached here is unfair to him. The record shows that he did not seek a lawyer's help until after July 1, 1980. Consequently, by the time he became obligated to pay his attorney, there was no provision in the statutes for attorney's fees. We do not pass on whether Mr. Williams could recover any fees if his attorney had performed services prior to July 1, 1980.
We reverse the award of attorney's fees. Otherwise, we affirm the deputy commissioner's order.
HOBSON, A.C.J., and RYDER, J., concur.