PER CURIAM.
We affirm the'circuit court’s final summary judgment dismissing appellant’s action to require the City of Pensacola to reexamine the grounds for Charles Blanchard’s discharge for misconduct in 1962. The right to that review by the City, which might have restored Blanchard’s pension rights upon a finding that Blanchard’s misconduct did not amount to a felony, was created by a special act passed in 1976, 14 years after Blanchard’s discharge. Ch. 76-468,'Laws of Florida. Two years later, effective June 29, 1978, that statute was repealed. Ch. 78-591, Laws of Florida. Within the two-year period in which Blanchard was arguably entitled to the review he now seeks, and which the City resisted, Blanchard did not seek an appropriate judicial remedy for the City’s refusal to reopen the case. In that period Blanchard did file a petition for writ of mandamus having that purpose, but this Court held that mandamus did not lie. Rein v. Blanchard, 353 So.2d 190 (Fla. 1st DCA, December 20, 1977, reh. den. January 13,1978). Since the 1976 special act did not revest Blanchard’s pension in any sense, but gave him a remedy that he did not effectively enforce before it was withdrawn by the legislature, the circuit court was correct, in the judgment now here for review, in holding that Blanchard’s right of review did not survive the repeal of the special act creating that remedy. See Bureau of Crimes Compensation, Department of Labor and Employment Security v. Williams, 405 So.2d 747 (Fla. 2d DCA 1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS and WIGGINTON, JJ., concur.