PER CURIAM.
The City of Miami appeals from an order of summary judgment requiring it to add veterans’ preference points to Burmeister’s 1981 promotional exam score and to promote him to the rank of Fire Captain.
Burmeister was discharged from the United States Army in 1965 and began employment with the City of Miami in 1966. Burmeister’s employment with the City has never been interrupted for active military service, and he is currently employed as a Lieutenant in the City of Miami Fire Department. Burmeister took and passed promotional examinations for the rank of Fire Captain in 1979,1981 and 1983, and on those occasions he requested that veterans’ preference points be added to his exam scores pursuant to chapter 295, Florida Statutes (1979). The City declined to add the points. Burmeister has not had veterans’ preference points added to any exam score during his employment with the City. If the points had been added in 1979, he still would not have received the promotion. If the points had been added in 1981 or 1983, however, he would have been promoted.
Prior to 1978, section 295.09 provided that the preference points would be awarded only to certain veterans who had worked for a municipality prior to their military service and had been reemployed or reinstated. In 1978, however, the statute was amended, effective June 20, 1978, to read: “This provision shall apply only to such person’s first promotion after employment, reinstatement or reemployment.” § 295.-09, Fla.Stat. (1979).
After the new law became effective the City’s position was that employees such as *1048 Burmeister, who were initially employed after their military service and received a promotion prior to the 1978 amendment to the statute, were not entitled to preference points after their first promotion. In actions brought by other city employees in this situation, however, the Dade circuit court held that the City was required to give the preferential points to such employees even though they had had prior promotions. On a consolidated appeal of those cases, this court issued a per curiam af-firmance. City of Miami v. Farrington, 405 So.2d 1043 (Fla. 3d DCA), review dismissed, 411 So.2d 381 (Fla.1981). After that court interpretation in 1980, the statute was amended again to provide that the preference points “shall apply only to a veteran's first promotion after reinstatement or reemployment, without exception.” § 295.09(l)(c), Fla.Stat. (1985). This amendment, which deleted the word “employment” and added the phrase “without exception,” became effective July 5, 1980.
Burmeister claims that, since the points he was entitled to in 1979 were not given to him, his requests for the opportunity to use them on the 1981 and 1983 exams should have been granted. On October 10, 1985, Burmeister presented his argument to the Civil Service Board. The Board determined by a unanimous vote that Burmeister should have been awarded the preference points to be applied to the 1981 exam. However, the City Manager rejected the Board’s interpretation of the new law and the recommendation of the Board. Bur-meister then brought this action. After a hearing on motions for summary judgment filed by both parties, the trial court entered judgment for Burmeister and directed that he be promoted to the rank of Fire Captain retroactive to the date he would have been promoted if his 1981 exam had been augmented by the preference points. We reverse the judgment and direct the trial court to enter summary judgment for the City of Miami.
Section 295.09(l)(c), Florida Statutes (1985), is a clear expression of the legislative intent to award veterans’ preference points only to veterans who have been reinstated or reemployed. Applying the unambiguous language of the statute, Burmeis-ter, who was not employed by the City until after his service in the armed forces, was not entitled to have points added to any exam taken after the current statute became effective in 1980.
Burmeister’s argument that he had a “vested” interest in the preference points not used in 1979 and that he could therefore use the points in 1981 is also without merit. Any right to the preference points existed in 1979 when they would not have made him eligible for a promotion, even if applied retroactively. The plain language of the 1980 amendment contains no provision for the vesting of rights to preference points. “[Wjhen the legislature repeals a statute, the right or remedy created by the statute falls with it.” Bureau of Crimes Compensation, Dep’t of Labor & Employment Sec. v. Williams, 405 So.2d 747, 748 (Fla. 2d DCA 1981), rev. denied, 412 So.2d 471 (Fla.1982). It follows logically that when the legislature amended the statute in 1980 so that it applied only to an employee whose employment was interrupted by military service, Burmeister could not rely on earlier statutes as creating vested entitlements to preference points to use for post-1980 promotion purposes.
Reversed and Remanded with directions to enter summary judgment for the City.