JORGENSON, Judge.
Herminio Ramirez, a retired police officer, appeals from an order of final summary judgment in an action to recover back pay and retirement benefits from the City of Miami. We affirm.

The Officer’s Employment History

Ramirez is a wartime veteran who served in the armed forces from 1961-1964 and was then hired as a police officer by the City of Miami. He served continuously with the de-. partment once he was hired. Ramirez completed an examination for promotion to Sergeant on August 15, 1977; on October 26, 1977, the department posted the register of candidates for promotion. An amended register was posted in May, 1978. Based upon the test scores, Ramirez was ranked 26th. Ramirez was not promoted from that register, which was in effect at least until October 26, 1978.[1] In August, 1980, Ramirez completed another examination for promotion to Sergeant; he received his promotion in September, 1981. Ramirez has since retired from the department. In this action he seeks back pay and retirement benefits for a period when, he alleges, he was wrongfully denied promotion to Sergeant by not being awarded veteran’s preference points on his 1977 promotional examination.

*49
A Brief History of Veteran’s Preference Points

In 1977, returning wartime veterans who were employed pursuant to a career service system by the State and its political subdivisions and who sought a promotion for the first time following “re instatement or re employment” were entitled to have “preference points” added to their promotion examination results. § 295.09, Fla.Stat. (1977) (emphasis added). “The purpose of veterans’ preference acts is sometimes said to be to reward those who served their country in time of need; ... such acts are a recognition of the qualities and traits developed by military service which tend to make of veterans superior public servants.” Yates v. Rezeau, 62 So.2d 726, 727 (Fla.1952) (citations omitted).
The Florida legislature amended section 295.09, effective June 20, 1978, to provide that veteran’s preference points were to be awarded on promotional exams upon the employee’s “first promotion after employment, reinstatement, or reemployment.” § 295.09, Fla.Stat. (1979) (emphasis added). However, the legislature soon repealed that amendment, effective July 5, 1980, and reenacted the former version of section 295.09 that awarded preference points “only to a veteran’s first promotion [examination] after re instatement or re employment, without exception.” § 295.09, Fla.Stat. (1981) (emphasis added).
In sum, veterans who were first employed after discharge from the armed services and whose employment was not interrupted by a tour of duty were entitled to veteran’s preference points on their first promotional exam only in the short time period between June 20, 1978 and July 5, 1980.

The Officer’s Claim for Veteran’s Preference Points

Although Ramirez was eventually promoted to the rank of Sergeant in 1981, he filed suit for back pay and retirement benefits.[2] He alleged that he was entitled to an award of veteran’s preference points on the results of his 1977 promotion examination, and that the City of Miami’s failure to award him those points resulted in the wrongful denial of promotion to Sergeant until 1981, after he had passed a second examination.
Ramirez admits that he was not entitled to veteran’s preference points when he took the promotion examination in 1977, and that only returning veterans who sought their first promotion after reinstatement or reemployment could have been awarded those points under the 1977 version of section 295.09. Instead, he argues that the amendment to section 295.09 took effect during the life of the promotional register that ranked him with the other 1977 exam takers, and that the City wrongfully refused to add preference points to his score as posted on the register once the amendment was in effect.
Ramirez was not entitled to veteran’s preference points under section 295.09, Florida Statutes (1977), when the City posted the results of the 1977 promotional exam. His ranking on the promotional register, along with the rankings of 72 other candidates for Sergeant, was determined as of the date the register was posted in October, 1977, and then amended in May, 1978. No veteran’s preference points were awarded to any candidate on that register. Moreover, promotions to Sergeant were made from that register while the 1977 statute was in effect, before the amendment to section 295.09 took effect.
Section 295.09, as amended in 1978, cannot be applied retroactively to award preference points to a veteran who took the exam and was ranked on the promotion register before the amendment was enacted or effective. “It is a well-established rule of construction that in the absence of clear legislative expression to the contrary, a law is presumed to operate prospectively.” State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983) (citations omitted). Section 295.09, Florida Statutes (1979), provided for the award of preference points “on promotional examinations.” By its own terms, the statute did not provide for the award of preference points on promotional registers, and did not take effect until June 20, 1978, long after Ramirez’ 1977 promotional exami *50 nation, and after higher-ranking individuals had been promoted from the register as it was configured under the 1977 statute. This court has held that a veteran hired after service in the armed forces was not entitled to an award of preference points on a promotional examination that he took in 1981, even though he had been employed by the City in 1979 and had taken and failed a promotional examination in 1979 when section 295.09 applied not only to returning veterans, but to veterans who were hired after their service. City of Miami v. Burmeister, 512 So.2d 1047 (Fla. 3d DCA 1987), rev. denied. 520 So.2d 583 (Fla.1988). In Burmeister, the court focused on the version of section 295.09 in effect when the employee took the promotional examination, and concluded that the employee had no vested interest in retaining preference points “not used” on an examination taken during the lifetime of the 1978 amendment to section 295.09. Burmeister, 512 So.2d at 1048. By analogy, Ramirez is not entitled to an award of preference points on the results of an examination that he took before the legislature amended the statute to cover veterans hired after their service.
AFFIRMED.

. "The term of eligibility of each register and of the names appearing thereon shall be fixed by the [Civil Service] Board at not less than one (1) year nor more than two (2) years.” City of Miami, Florida Civil Service Rules & Regulations Rule VII, Part I, § 2 (June, 1976).

. We do not address any of the procedural aspects of this litigation, which began in 1976 and took a long and tortuous path through both state and federal court.